UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

RAYMOND REYNOLDS,
      Petitioner,

vs.                         Case No.:  4:23cv130/AW/ZCB

RICKY D DIXON,
      Respondent.
_____/

## REPORT AND RECOMMENDATION

Petitioner, Raymond Reynolds, filed a habeas corpus petition under 28 U.S.C. § 2254.  (Doc. 1).  Petitioner subsequently amended his petition.  (Doc. 8).  Respondent has moved to dismiss, arguing that Plaintiff's petition was untimely filed.  (Doc. 14).  Petitioner has not responded to the motion, although he was given an opportunity to do so.  (Doc. 15).  For the reasons below, Respondent's motion to dismiss should be granted.[1]

### I.    Background

A state court jury in Madison County, Florida convicted Petitioner of various child sexual molestation offenses.  (Doc. 14-1).  He received a

---

[1] The Court believes this matter can be resolved without an evidentiary hearing.  Rule 8(a), Rules Governing Section 2254 Cases.

sentence of life imprisonment. (Doc. 14-3). Petitioner appealed, and the First District Court of Appeal affirmed on August 31, 2009. (Doc. 14-7); *Reynolds v. State*, 15 So. 3d 583 (Fla. 1st DCA 2009). Petitioner did not seek further direct appellate review. Nor did he file any postconviction motions for more than a decade. Then on December 22, 2020, Petitioner filed a state postconviction motion under Fla. R. Crim. P. 3.850. (Doc. 14-9). That motion was denied because it was filed beyond the two-year limitation period found in Fla. R. Crim. P. 3.850(b). (Doc. 14-10). Petitioner did not appeal that denial.

On March 28, 2023, Petitioner filed a 28 U.S.C. § 2254 petition in this Court. (Doc. 1 at 8). He subsequently amended that petition on June 23, 2023. (Doc. 8). Respondent has moved to dismiss, arguing that the petition was filed beyond 28 U.S.C. § 2244(d)(1)'s one-year limitation period. (Doc. 14 at 4).

## II.    Discussion

An inmate in state custody has one year to file a 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2244(d)(1). The one-year period runs from the latest of:

(A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  The statute also includes a tolling provision, which provides, "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation . . . ."  28 U.S.C. § 2244(d)(2).

Respondent contends that the trigger for the one-year period in this case is the date the judgment became final under § 2244(d)(1)(A).  (Doc. 14 at 7).  Petitioner's judgment became final when the ninety-day window to seek review in the Supreme Court of the United States closed.  *Nix v. Sec'y for Dep't of Corr.*, 393 F.3d 1235, 1237 (11th Cir. 2004).  That ninety-day period started running on August 31, 2009—the date the First

3

District Court of Appeal affirmed Petitioner's conviction.[2] S. Ct. Rule 13.

Petitioner's conviction became final ninety days later, on November 30,

2009.[3] The § 2254 limitation period expired one year later, on December

1, 2010. *See Downs v. McNeil*, 520 F.3d 1311, 1318 (11th Cir. 2008)

(holding that the limitation period should be calculated according to the

"anniversary method," whereby the limitation period expires on the one-

year anniversary of the date it began to run); *see also San Martin v.

McNeil*, 633 F.3d 1257, 1266 (11th Cir. 2011) (recognizing that the day

after the event marking finality was the first day of AEDPA's one-year

limitation period because Fed. R. Civ. P. 6(a)(1) excludes the day of the

event that triggers the start of the limitation period). Because Petitioner

filed his § 2254 petition well after the one-year limitation period had

expired, his petition was untimely under 28 U.S.C. § 2244(d)(1)(A).[4] That

---

[2] "[T]he entry of judgment, and not the issuance of the mandate, is the event that starts the running of time for seeking Supreme Court review, within the meaning of Supreme Court Rule 13.3 and 28 U.S.C. § 2254(d)(1)(A)." *Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006).

[3] Petitioner's judgment became final after ninety-one days because the ninetieth day fell on a Sunday. *See* Fed. R. Civ. P. 6.

[4] Petitioner did not file any state postconviction motions that tolled the limitation period under 28 U.S.C. § 2244(d)(2). Although he did file a state postconviction motion in December of 2020, that motion did not toll

brings the Court to the question of whether Petitioner's untimeliness should be excused because of equitable tolling.

"[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010) (cleaned up). "[E]quitable tolling is an extraordinary remedy" that is "limited to rare and exceptional circumstances and typically applied sparingly." *Hunter v. Ferrell*, 587 F.3d 1304, 1308 (11th Cir. 2009) (cleaned up). The petitioner bears the burden of showing entitlement to equitable tolling. *Cole v. Warden, Ga. State Prison*, 768 F.3d 1150, 1158 (11th Cir. 2014). Meeting that burden requires supporting allegations that are "specific and not conclusory." *Id*.

Here, Petitioner has not shown that this is one of the "rare and exceptional," *Hunter*, 587 F.3d at 1308, cases in which equitable tolling applies. All Petitioner has provided are conclusory statements, such as

---

the limitation period because it was untimely filed. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000) ("A state court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled.").

"[t]hese issues have ripened well after the one year time limitation, and could not have been known until now."[5]  (Doc. 8 at 19).  He has provided no explanation as to why that is the case.  Nor has he shown that he acted with reasonable diligence or that an extraordinary circumstance prevented him from timely filing his petition.  Petitioner has provided no

---

[5] To the extent Petitioner claims that the one-year limitation period should be triggered not by the final judgment date under § 2244(d)(1)(A), but by the "date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence" under § 2244(d)(1)(D), the argument lacks merit.  Petitioner has made only conclusory and vague statements indicating that the basis for his claims "was not made available until after appeal was matured," (Doc. 8 at 12), "was ripened for review in 2021 and not able to be raised until now," (*Id*. at 13), and "could not have been known until now."  (Doc. 8 at 19).  Such conclusory allegations, without any supporting explanation, are insufficient to establish "due diligence" as required by § 2244(d)(1)(D).  Petitioner has not even provided the "date on which the factual predicate of the claim or claims," *see* 28 U.S.C. § 2244(d)(1)(D), was discoverable.  Thus, the Court would have no way of determining when the clock started to run or when it expired under § 2244(d)(1)(D).  *See Piotrowski v. Sec'y, Dep't of Corr.*, No. 8:12-cv-2290, 2015 WL 4605752, at *3 (M.D. Fla. July 30, 2015) (finding that conclusory allegations were insufficient to trigger 28 U.S.C. § 2244(d)(1)(D) and noting that the petitioner "does not establish any date on which his one-year federal habeas limitations period would start running under § 2244(d)(1)(D)"); *see also Givan v. Jones*, No. 2:09cv15, 2010 WL 5169005, at *4 (M.D. Ala. Oct. 26, 2010) (holding that the petitioner's "vague and conclusory assertion" that he only recently discovered information "does not pass the test of demonstrating due diligence" under 28 U.S.C. § 2244(d)(1)(D)).

reason why he was unable to previously discover the sworn testimony used in his charging document, which he admits existed even before his criminal charges were initiated. Because a reasonable investigation would have uncovered such information, Petitioner is not entitled to equitable tolling.[6]

---

[6] That conclusion finds ample support in precedent. *See, e.g., In re Johnson*, No. 22-10809, 2022 U.S. App. LEXIS 8628, at *3 (11th Cir. Mar. 31, 2022) (determining that when the petitioner later claimed that a statement in his charging document indicating that the government had received sworn testimony from a material witness was false, the petitioner could have discovered it was false through the exercise of due diligence); *In re Baker*, No. 23-12502, 2023 U.S. App. LEXIS 21527, at *3 (11th Cir. Aug. 16, 2023) (holding that because the petitioner "acknowledges that the evidence relevant to his claims comes from the charging document in his state court criminal case . . . [and] that document has been in existence since the outset of his criminal proceedings, we conclude that his claims are not based on newly discovered evidence"); *Uhler v. Inch*, No. 1:18cv36, 2019 WL 2517523, at *11 (N.D. Fla. May 24, 2019) (holding that if the petitioner had exercised due diligence under Florida's Public Records Act, he could have ascertained facts concerning "whether the charging document was subject to challenge on the ground that it was not supported by a sworn statement from a material witness"); *see also In re Coe*, No. 19-14736, 2019 U.S. App. LEXIS 37444, at *5 (11th Cir. Dec. 17, 2019) ("[Petitioner]'s charging instrument from his state criminal trial cannot support his claims as newly discovered evidence because a reasonable investigation would have uncovered the charging document.").

### III.  Conclusion

For the reasons above, Petitioner's 28 U.S.C. § 2254 petition should be dismissed as untimely.

### IV.  Certificate of appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." 28 U.S.C. § 2254 Rule 11(a). A timely notice of appeal must still be filed, even if the court issues a certificate of appealability. 28 U.S.C. § 2254 Rule 11(b).

"Section 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'" *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003) (quoting § 2253(c)(2)). "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his [or her] constitutional claims or that jurists could conclude the issues presented are adequate to deserve

8

encouragement to proceed further.'" *Buck v. Davis*, 137 S. Ct. 759, 773 (2017) (citing *Miller-El*, 537 U.S. at 327). Petitioner cannot make that showing in this case. Therefore, the undersigned recommends denying a certificate of appealability.

The second sentence of Rule 11(a) provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Thus, if either party wishes to submit arguments on the issue of a certificate of appealability that party may do so in an objection to this Report and Recommendation.

Accordingly, it is respectfully **RECOMMENDED** that:

1.    Respondent's motion to dismiss (Doc. 14) be **GRANTED**.

2.    The 28 U.S.C. § 2254 petition (Doc. 8) be **DISMISSED with prejudice** as untimely.

3.    That a certificate of appealability be **DENIED**.

At Pensacola, Florida, this 1st day of December 2023.

/s/ *Zachary C. Bolitho*
Zachary C. Bolitho
United States Magistrate Judge

9

## **Notice to the Parties**

Objections to these proposed findings and recommendations must be filed within fourteen days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control. An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.